UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MARIA A.[1], | ) | No. 5:22-cv-02273-JDE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

Maria A. ("Plaintiff") filed a Complaint on December 30, 2022, seeking review of a denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has reviewed Plaintiff's opening brief (Dkt. 16), the Commissioner's answering brief (Dkt. 21), and Plaintiff's reply (Dkt. 22), as well as the Administrative Record (Dkt. 15 "AR"). The matter now is ready for decision.

///

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.

# BACKGROUND

Plaintiff protectively filed for DIB on April 6, 2018 and for SSI on April 11, 2018. AR 94, 95. Plaintiff alleges disability commencing on June 1, 2016. AR 97. After denials of the applications (AR 104, 134), Plaintiff, represented by counsel, appeared and testified during a telephonic hearing before an Administrative Law Judge ("ALJ") on July 26, 2022. AR 53-84. An impartial Vocational Expert appeared and also testified. AR 79.

On August 15, 2022, the ALJ concluded Plaintiff was not disabled. AR 24-35. The ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2016, her alleged onset date. AR 26. The ALJ determined Plaintiff suffered from the following severe impairments: obesity, degenerative joint disease of the left shoulder, degenerative disc disease of the lumbar spine, fibromyalgia and polyarthralgia (20 C.F.R. 404.1520(c) and 416.920(c)). AR 27. The ALJ determined Plaintiff had the non-severe impairments of anxiety and bipolar disorder. Id. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and found that Plaintiff had the residual functional capacity ("RFC") to perform light work,[2] with the following limitations:

---

[2] Light work" is defined as:
[L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b); see also Aide R. v. Saul, 2020 WL 7773896, *2 n.6 (C.D. Cal. Dec. 30, 2020).

> [She can] stand or walk for two hours in an eight hour workday;
> she can never climb ladders, ropes or scaffolds and occasionally
> climb ramps or stairs, balance, stoop, kneel, crouch and crawl; she
> should avoid concentrated exposure to working at unprotected
> heights and hazardous conditions; and she can never perform
> overhead lifting with the left shoulder.

AR 29-30. The ALJ further found that Plaintiff is capable of performing past relevant work as a dispatcher and quality control clerk. AR 34. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the agency's final decision. AR 8-13.

## II.
## LEGAL STANDARDS

A.   Standard of Review

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing[,]" the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the

evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

Lastly, even if an ALJ errs, the decision will be affirmed if the error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination[,]" or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted); Smith, 14 F.4th at 1111 (even where the "modest burden" of the substantial evidence standard is not met, "we will not reverse an ALJ's decision where the error was harmless").

B.   The Five-Step Sequential Evaluation

When a claim reaches an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); Molina, 674 F.3d at 1110. First, the ALJ considers if the claimant works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine if the claimant has a severe medically determinable impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to assess whether the impairments render the claimant disabled because they meet or equal any of the listed impairments in the Social Security Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the impairments do not meet or equal a listing, before proceeding to the fourth step, the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from the impairments. See §§ 404.1520(a)(4), 416.920(a)(4);

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). After assessing the RFC, the ALJ proceeds to the fourth step to determine if, in light of the RFC, the claimant can perform past relevant work as actually or generally performed. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. §§ 404.1566(a), 416.966(a). A claimant who can do other work is not disabled; a claimant who cannot and who meets the duration requirement is disabled. See Tackett, 180 F.3d at 1099; see also Woods v. Kijakazi, 32 F.4th 785, 788 n.1 (9th Cir. 2022) (summarizing the steps and noting that "[t]he recent [2017] changes to the Social Security regulations did not affect the familiar 'five-step sequential evaluation process.'").

The claimant generally bears the burden at steps one through four to either show disability or entitlement to proceed to the next step and bears the ultimate burden to show disability. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

Plaintiff raises three issues (Dkt. 16 at 1-2):

Issue No. 1: Whether the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's allegations of pain and physical dysfunction.

<u>Issue No. 2</u>: Whether the ALJ properly evaluated the examining medical source opinion of the consultative internist, Bahaa Girgis, M.D.

<u>Issue No. 3</u>: Whether the ALJ properly evaluated whether Plaintiff's past work as a dispatcher and quality control clerk was vocationally relevant.

Because the Court finds remand appropriate on Issue No. 2, and because further administrative proceedings as to that issue may impact other challenged findings, the Court declines to address Plaintiff's remaining arguments.

A.   <u>Medical Source Opinion</u>

    1.   Applicable Law

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. <u>Revisions to Rules Regarding Evaluation of Medical Evidence</u>, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide the ALJ will no longer "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." <u>Revisions to Rules</u>, 2017 WL 168819, 82 Fed. Reg. 5844-01, at 5867-68; <u>see also</u> 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the

Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations provide, in pertinent part:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how "the factors in paragraphs (c)(3) through (c)(5)," i.e., "[r]elationship with the claimant," "[s]pecialization," and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

    2.    Analysis

On February 5, 2019, Plaintiff attended an internal medicine evaluation with Bahaa Girgis, M.D. AR 577-582. Plaintiff's chief complaints were of fibromyalgia and lower back pain. AR 577. Plaintiff also complained of multiple joint and muscle pains, generalized weakness, and lack of energy. Id. Dr. Girgis observed that Plaintiff had decreased range of motion in her back and "multiple points of tenderness over the shoulder, back, pelvic girdle,

elbows and knees." AR 579-80. Dr. Girgis observed that Plaintiff could walk and move easily without an assistive aid; Plaintiff had intact sensation and reflexes; Plaintiff could get on and off the exam table without difficulty; and Plaintiff had normal motor strength. AR 578-81. Dr. Girgis's impression was that Plaintiff had a history of hypothyroidism, history of chronic back pain, and history of fibromyalgia. AR 581. Dr. Girgis assessed that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently, Plaintiff can stand and walk two hours out of eight hours with frequent stops of 10 minutes per hour if necessary, and Plaintiff can sit for six hours out of eight hours. Id.

The ALJ assessed Dr. Girgis's opinion as follows:

> This opinion is partially persuasive. The opinion that [Plaintiff] can stand and walk for two hours out of eight hours with frequent stops of 10 minutes per hour if necessary is not persuasive, as it is not supported by Dr. Girgis's own consultative examination findings of grossly intact sensation and reflexes in her upper and lower extremities, normal motor strength throughout (5/5), ability to change positions and get on and off an exam table without difficulty, a normal gait that was not unsteady or unpredictable and the use of no assistive aid when ambulating across the room [Citation]. The remainder of the findings are persuasive as they are consistent with the claimant's overall conservative treatment consisting primarily of medication management and physical therapy with periods of noted improvement for her musculoskeletal impairments[.]

AR 33-34.

Plaintiff argues the ALJ failed to present a well-supported explanation for discounting Dr. Girgis's opinion regarding frequent stops of 10 minutes per hour. Dkt. 16 at 9-12. The Court agrees.

As Plaintiff contends, the ALJ did not sufficiently address the consistency with other evidence factor. The ALJ was required to "explain" how she considered the consistency factor, meaning "the extent to which [Dr. Girgis's opinion] is 'consistent. . . with the evidence from other medical sources and nonmedical sources in the claim.'" Woods, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)). Here, the ALJ provided no explanation as to how Dr. Girgis's opinion regarding frequent stops of 10 minutes per hour was consistent or inconsistent with other evidence in the record. Thus, the ALJ committed legal error. See, e.g., Tamara D. v. Comm'r of Soc. Sec., 2022 WL 2314993, at *4 (W.D. Wash. June 28, 2022) (finding the Court cannot affirm the ALJ's finding where the ALJ rejected a portion of a doctor's medical opinion because, among other things, the ALJ did not explain which evidence in the plaintiff's record undermined the doctor's medical opinion).

The Commissioner argues that, because the ALJ found the "remainder" of Dr. Girgis's findings to be persuasive "as they are consistent with [Plaintiff's] overall conservative treatment" then "[it] naturally follows, that the converse was also true – that the portion of Dr. Girgis' opinion that the ALJ found not persuasive, was inconsistent with the overall medical evidence." AR 34; Dkt. 21 at 7. But the ALJ did not find what the Commissioner now asks the Court to infer. In fact, the Commissioner concedes there were other "objective findings indicating problems with Plaintiff's ability to ambulate." Dkt. 21 at 7. Ultimately, the ALJ bears the responsibility to explain how she considered the consistency factor in rejecting Dr. Girgis's limitation requiring frequent stops of 10 minutes per hour. The ALJ did not do so here and, on the facts of this case, the Court declines the Commissioner's invitation to infer such a finding with this mixed underlying medical record.

The Commissioner identifies medical records that could be viewed as showing inconsistency with Dr. Girgis's opinion on frequent stops of 10

minutes per hour. See Dkt. 21 at 7. However, the ALJ did not purport to rely on those records in discounting Dr. Girgis's opinion. See Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (district court's review is limited to only grounds relied upon by ALJ); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (same). And, as noted above, the Commissioner concedes there was at least some objective evidence indicating problems with Plaintiff's ability to walk. Dkt. 21 at 7. Here, the ALJ failed to "direct the Court to the evidence the Court may consider to decide whether [her] conclusion was substantially supported." Tamara D., 2022 WL 2314993, at *4; see also Boyd v. Comm'r of Soc. Sec. Admin., 2022 WL 3152492, at *5 (D. Ariz. Aug. 8, 2022) ("it was the ALJ's responsibility to identify such records in the first instance. [Citation]. On remand, an ALJ may very well agree with the Commissioner that the cited records establish a lack of supportability and consistency, but this possibility does not undermine the conclusion that reversal is required").

The Commissioner argues that, if any error was committed, the error was harmless. Dkt. 21 at 8. Plaintiff contends the error was not harmless, as a Vocational Expert testified that a hypothetical person with Plaintiff's vocational profile and RFC would not be able to work with an additional limitation allowing for frequent stops of 10 minutes per hour. Dkt. 16 at 12 (citing AR 81). Here, the Commissioner asks the Court to speculate as to the ALJ's reasoning for rejecting a limitation that appears to have been material to the nondisability determination. In such a situation, the Court cannot confidently conclude the error was harmless. See Brown-Hunter, 806 F.3d at 492 (if ALJ fails to specify adequate reasoning, a reviewing court will be unable to meaningfully review without substituting its conclusion for the ALJ's or speculating as to grounds for the ALJ's conclusions; in such a situation, "such error will usually not be harmless").

/ / /

B.     Remand Is Appropriate

The Court has discretion to remand the matter for further proceedings. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). When further proceedings would serve no useful purpose or when the record has been fully developed, a court may direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). Remand for further proceedings is appropriate where issues must be resolved before a determination of disability can be made and it is not clear from the record that the claimant is disabled. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, remand is required because the ALJ failed to properly assess Dr. Girgis's medical opinion. On remand, the ALJ shall reassess the medical opinion consistent with the foregoing and then proceed with all steps, as necessary, of the sequential evaluation. As remand is ordered, the Court declines to take up the other claims of error raised by Plaintiff. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). The remand shall proceed on an "open record." See Brown-Hunter, 806 F.3d at 495; Bunnell, 336 F.3d at 1115-16. The parties may take up any other issues relevant to resolving Plaintiff's claim of disability, including those not decided herein.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: July 27, 2023

JOHN D. EARLY
United States Magistrate Judge